1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DR. STEPHEN PAPALEO, et al.,

       Plaintiffs,

 v.

CINGULAR WIRELESS CORPORATION,

       Defendant

_____/

No. C-07-1234 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE OR STAY PROCEEDING; VACATING HEARING**

     Before the Court is defendant Cingular Wireless Corporation's "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), or Stay Proceeding," filed March 29, 2007. Plaintiffs Stephen Papaleo and Andrew Rudich have filed opposition, to which defendant has replied.  Having considered the papers filed in support of and in opposition to the motion, the Court deems the matters suitable for decision on the papers, VACATES the hearing scheduled for May 4, 2007, and rules as follows.

     Defendant, pursuant to § 1404(a), seeks a transfer to the Western District of Washington.  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

     Here, for the reasons stated by defendant, the action "might have been brought" in the Western District of Washington, specifically, because defendant is subject to personal

1    jurisdiction therein.  See 28 U.S.C. § 1391(c) (holding, as to action against defendant

2    corporation, venue proper in any district in which defendant is subject to personal

3    jurisdiction); (see also Compl. ¶ 12 (alleging defendant provides "customers wireless voice

4    and data service over a nationwide wireless network").)

5           With respect to the issue of convenience, the Court finds, as set forth below, that the

6    Western District of Washington is a more convenient forum.

7           At the outset, the Court finds plaintiffs' choice of forum is entitled to "less weight"

8    than that to which it might otherwise be entitled, because plaintiffs seek to proceed on

9    behalf of a nationwide class of defendants' customers.  See Lou v. Belzberg, 834 F. 2d

10   730, 739 (9th Cir. 1987) (holding "when an individual brings a derivative suit or represents a

11   class, the named plaintiff's choice of forum is given less weight").  Plaintiffs' argument that

12   the "general rule" that plaintiffs' choice of forum in a putative class action is not entitled to

13   any significant deference "should give way where there is a contractual provision specifying

14   the law to apply," (see Pls.' Opp. at 6:1-3), is unpersuasive because the substantive law

15   that would apply if the action were tried in this district will also apply in the transferee

16   district.  See Ferens v. John Deere Co., 494 U.S. 516, 519 (1990) (holding transferee

17   district, following transfer under § 1404(a), must apply choice of law rules applicable in

18   transferor court).

19          With respect to the "feasibility of consolidation," the Court finds such factor weighs

20   heavily in favor of transfer and, given the circumstances present herein, outweighs the

21   deference due plaintiffs' choice of forum.  See A. J. Industries v. United States District

22   Court, 503 F. 2d 384, 389 (9th Cir. 1974) (internal citation omitted) (holding "feasibility of

23   consolidation" with action in transferee court is "significant factor in a transfer decision" and

24   "even the pendency of an action in another district is important because of the positive

25   effects it might have in possible consolidation of discovery and convenience to witnesses

26   and parties").  Plaintiffs allege four legal claims on behalf of a putative class based on

27   defendant's having imposed an $18 "upgrade," "transfer," or "network switching charge."

28   (See Compl. ¶ 1.)  The identical legal claims asserted herein, based on the imposition of

2

1   the same $18 charge, are alleged in an earlier-filed consolidated putative class action

2   pending in the Western District of Washington.  (See Cronin Decl. Ex. 5 ¶¶ 61, 67.b., 67.d,

3   80.)  Because the putative class alleged herein is entirely subsumed within the putative

4   class before the Western District of Washington, it is more than simply "feasible" that the

5   two actions could be consolidated if they were pending in the same district; rather, such

6   consolidation is highly likely.

7          Additionally, with respect to the convenience of third-party witnesses, which often is

8   the most significant factor, the Court finds transfer would be substantially more convenient

9   for each such witness, because such witnesses would not be required to engage in

10  duplicative litigation or travel to two different forums to attend court proceedings.  See, e.g.,

11  Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1166 (S.D.

12  Texas 1994) ("It is the convenience of non-party witnesses . . . that is the more important

13  factor and is accorded greater weight [than the convenience of party witnesses].")[1]

14         In sum, as has been recognized in the context of multidistrict transfer under 28

15  U.S.C. § 1407, "[t]he objective of transfer is to eliminate duplication in discovery, avoid

16  conflicting rulings and schedules, reduce litigation cost, and save time and effort of the

17  parties, the attorneys, the witnesses, and the courts."  See Manual for Complex Litigation

18  (Fourth) § 20.131 (2004).  These objectives are equally applicable in the context of a

19  transfer under § 1404(a), and will be effectuated by transfer of the instant action to the

20  Western District of Washington.

21         Accordingly, the instant action will be transferred to the Western District of

22  Washington.[2]

23  //

24  //

25  //

26  _____

27         [1]Neither party suggests that any third-party witness resides in the instant district.

28         [2]In light of this finding, the Court does not address defendant's alternative request to
    stay the instant action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons stated, defendant's motion to transfer is hereby GRANTED, and the instant action is hereby TRANSFERRED to the Western District of Washington, pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Dated: April 26, 2007

_____
MAXINE M. CHESNEY
United States District Judge

4